UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVONNE WELP | CIVIL ACTION |
| VERSUS | NO. 07-8859 |
| HANOVER INSURANCE COMPANY, ET AL. | SECTION "N" (3) |

### ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 7)**. This motion is set for oral argument on Wednesday, January 30, 2008. However, the Court **CANCELS** oral argument as such is unnecessary. After considering the petition, the Notice of Removal, the memoranda of the parties, and the applicable law, this Court finds that this motion should be granted.

### I.     Factual Background

Plaintiff Yvonne Welp owned and resided at 2542 Hudson Place in New Orleans, Louisiana. Her property was damaged extensively in Hurricane Katrina, such that the residence was rendered uninhabitable for a period of time. At the time Hurricane Katrina made landfall, Welp had a policy of insurance with Defendant The Hanover Insurance Company ("Hanover"), which Welp alleges covered the wind damage done to her property.

Welp sued Hanover in state court asserting that it had acted in bad faith by refusing to pay for all her hurricane-related damages. (Petition, ¶ XII). Specifically, Welp claims Hanover is

liable to her for breach of contract, intentional infliction of emotional distress, bad faith claims adjusting, and other as yet unidentified legal theories.  (Petition, ¶ XVI).  Welp also seeks penalties and attorneys fees for Hanover's alleged bad faith failure to pay her claims.  (Petition, ¶ XXI).

Hanover removed the case to this Court claiming diversity jurisdiction. The parties do not dispute diversity of citizenship.  However, whether the requisite amount in controversy exists is an issue.

**II.     The Arguments of the Parties**

Welp acknowledges that she did not plead a specific amount of damages in her state court petition. However, she alleges that Hanover did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In Hanover's Notice of Removal, it claims that Welp's assertions that her property suffered "extensive damage" together with the insurance policy limits and her claims for statutory penalties raise the amount in controversy over $75,000. However, it is clear to the Court from Welp's petition that she never claimed she was entitled to the full value of her policy.  In Hanover's opposition to Welp's motion to remand, it further notes that Welp refused to sign a stipulation reflecting that damages are less than $75,000.

**III.    Law and Analysis**

   **A.     Legal Standard**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61

S.Ct. 868, 85 L.Ed. 1214 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

**B.     Analysis**

Where a plaintiff's petition does not allege damages, the burden is on the removing defendant to establish by a preponderance of the evidence that the jurisdictional amount exists. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir.2003). A defendant may establish this in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5 Cir.1999) (internal quotations omitted).

In the state court Petition, Welp does not allege specific amounts she is seeking under the insurance policy, as Louisiana law does not permit her to plead a specific amount of money damages. Welp also does not claim that she is entitled to the full value of the insurance policy. She states, however, that her property suffered "extensive damage, which necessitated "massive repairs." (Petition, ¶ IX). Welp also seeks damages for loss of use, additional living expenses, mental anguish, and penalties and attorney's fees, among other things. (Petition, ¶ XVIII). Welp does not state affirmatively in her motion to remand that her claims are worth less than $75,000 - only that Hanover has failed to prove by a preponderance of the evidence that her claims are worth more than $75,000.

As for Hanover's argument regarding the policy limits at issue here, the Court finds that

policy limits do not become a factor in determining the amount in controversy unless a plaintiff claims to be entitled to the full value of her insurance policy. *See Southall v. St. Paul Travelers Insurance Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006). Similarly, in *Atkins v. Lexington Ins. Co.*, 2006 WL 1968895 (E.D.La.2006), a defendant rested its removal petition on an assertion as to the value of the underlying policy, though there was no indication from the petition that the plaintiff sought to recover the full value of the policy. Judge Vance explained:

> In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir.2002) (declaratory judgment action); see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co ., 1995 WL 442062 at *1 (E.D.La.1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).

*Id.* at *3. Also in *Atkins*, as in the instant case, the defendant asserted that the plaintiff's list of claimed damages to his residence would involve incurring substantial costs and/or expenses; however, it did not provide any evidence as to the possible cost of the claimed repairs. The plaintiff in *Atkins* claimed he was entitled to coverage from the defendant for several items including: roof damage to his living premises and detached garage; ceiling damage in several rooms; mold and mildew damage to carpets in several rooms; replacement of grass on his entire lawn; mold/mildew treatment of, or removal from, air conditioning ducts, floors, and outside walls; replacement of 22 foot custom curtains; replacement of his refrigerator and other appliances; and other damages. Judge Vance determined:

> Although plaintiff claims a variety of damages to his home and property in his complaint, it is not facially apparent that his claims are for more than $75,000, especially in the absence of any specific claims about the extent of the damage to his property. For example, the cost of roof repair could vary widely depending on the damage, the type of roof, its size, and many other factors. The same is true of the other types of damage that plaintiff claims. The complaint also does not indicate the likely cost of the additional living expenses Atkins claims.

*Atkins*, 2006 WL 1968895, *3.  As was determined in *Southall* and *Atkins*, this Court cannot simply assume that "extensive damages" mandating "massive repairs" means that the damages will exceed the $75,000 jurisdictional requirement - especially when no estimates of the amount of damages are provided.

As for Welp's claim for penalties and attorney's fees, this Court finds the reasoning in *Atkins* to be persuasive.  Because La. Rev. Stat. 22:1220 requires proof of actual damages from the insurer's breach and because, here, Welp does not indicate the amount of damages she allegedly sustained from Hanover's breach, the Court cannot possibly assign a value to this claim such that it can be considered a major factor in determining whether the requisite amount in controversy exists.  *Id.*

As for Welp's refusal to stipulate that her damages were less than $75,000, a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand. *Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392, *3 (E.D. La. Apr., 18, 2006) (*citing McBride v. Wal-Mart Stores, Inc.*, 1999 WL 76427, at *2 (E.D.La. Feb. 5, 1999)).  Here, as determined by the courts in *Southall* and *Atkins*, it is not "facially apparent" from the petition that the $75,000 amount in controversy requirement is met. Welp's Petition does not specify the monetary value of her damages claims, and on its face

the Petition does not provide sufficient information to infer what amount of damages is reasonably at issue. Hanover's removal papers fail to satisfy the requirement that it set forth facts in controversy that support a finding of the requisite amount.  This Court cannot simply infer that the amount in controversy is met simply because Welp has alleged a lengthy list of damages. Hanover's assertions (including the assertion that Welp has refused to execute a binding stipulation) do not show that it is more likely than not that the amount in controversy exceeds $75,000, the jurisdictional requisite of federal diversity jurisdiction. Thus, based on the evidence before the Court at this time, the Court finds that Hanover has failed to meet its burden and that Welp's motion to remand should be granted.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** should be and is hereby **GRANTED**.  Thus, this case is remanded to the state court from which it was removed.

New Orleans, Louisiana, this 25th day of January, 2008.

```
                              _____
                              KURT D. ENGELHARDT
                              UNITED STATES DISTRICT JUDGE
```